IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01213-RPM

STEFFAN LEWIS WARREN,

    Plaintiff,

v.

GAMESTOP, INC. d/b/a GAMESTOP OF MINNESOTA, INC.,

    Defendant.

---

## PROTECTIVE ORDER

---

THIS MATTER comes before the Court on a Joint Motion for Protective Order (the "Motion"). Having reviewed this Motion, the law and being otherwise fully advised in the premises, the Court hereby grants the Motion and orders as follows:

1.    Each party shall mark all documents subject to this Protective Order as "Confidential." The documents and information contained therein shall be used, shown and disclosed only as provided in this Protective Order. The term "Confidential" as used in this Protective Order shall be construed to include all of the information contained in each document so marked; provided, however, that information obtained from non-confidential sources shall not be rendered confidential by inclusion in a Confidential document.

2. Counsel shall designate information as confidential only after a review of the information and based upon a good faith belief that it is confidential or otherwise entitled to protection.

3. Documents and information marked "Confidential" shall be made available only to "Qualified Persons." The term "Qualified Persons" means the Court and its officers, mediators, the parties, counsel of record, the parties' independent experts and consultants, and those clerical and paraprofessional employees assisting each counsel. No person shall have access to confidential documents or information unless they are a "Qualified Person." No person who gains access to such confidential information may disclose their contents or the information contained therein to any person other than a "Qualified Person." Each "Qualified Person" must be provided with a copy of this Protective Order prior to receiving any documents or information marked or otherwise designated as "Confidential."

4. Confidential documents and information may be disclosed and used by Qualified Persons solely for the purpose of this lawsuit and for no other purpose.

5. If any party receives a subpoena or other request to produce confidential documents and information that are subject to the term of this protective order, such party shall within three business days notify the party who produced the confidential documents and information about the subpoena or request. Such party also shall object to such request on the grounds that such confidential documents and information are protected from disclosure by the terms of this protective order. Unless and until a court,

administrative judge, arbitrator, or other judicial officer orders otherwise, such documents shall not be produced to any third parties.

6. Confidential documents and information may be used at trial or at depositions in accordance with the following safeguards. If confidential documents and information are used in depositions or at trial, all portions of the transcript of such depositions and trial testimony, and exhibits thereto, that refer or relate to such confidential documents and information shall themselves be considered to be confidential and subject to this Protective Order; provided, however, that information obtained from non-confidential sources shall not be rendered confidential by inclusion in a Confidential transcript. In order for deposition or trial transcripts to be considered as confidential, the designation of such of such portions as confidential must be made within 30 days following the transcription of the proceedings, if such designation has not been made upon the record of the transcribed proceeding.

7. Subject to any contrary requirements of the Court, all confidential documents and information that are filed with the Court shall be filed under seal pursuant to D.C.Colo.LCivR 7.1. The envelopes or other appropriately sealed containers shall be endorsed with the case caption, the title of the paper, the name, address and telephone number of the attorney or pro se party filing the paper, an indication of the nature of the contents, the word "Confidential," and a statement substantially in the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO THE
> ORDER OF THE COURT AND CONTAINED

INFORMATION DESIGNATED "CONFIDENTIAL" IN THIS CASE. IT IS NOT TO BE OPENED OR THE CONTENTS HEREOF TO BE DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT.

8. The envelope or container shall not be opened or released to anyone who is not a Qualified Person without further Order of the Court. The Clerk of the Court is hereby directed to maintain such confidential documents and information in a separate portion of the court files not available to the public.

9. At the conclusion of this action, all confidential documents and information, and all copies thereof, shall be returned to counsel for the disclosing party or maintained as confidential until destroyed in accordance with the recipient's document destruction protocol.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the term of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Nothing in this Protective Order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of confidential documents and information, contesting the designation of documents or information as confidential, or contesting the designation of a person as a Qualified Person.

SO ORDERED this 23rd day of March, 2011.

BY THE COURT:

Richard P. Matsch
United States District Judge